**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ROBIN F.,

                          Plaintiff,

          v.                                                         No. 1:17-CV-888
                                                                     (CFH)

NANCY BERRYHILL,
ACTING COMMISSIONER OF
SOCIAL SECURITY,
                          Defendant.

---

**APPEARANCES:**                          **OF COUNSEL:**

Robin F.
Plaintiff pro se

Social Security Administration            JUNE L. BYUN, ESQ.
Office of Regional General Counsel,       Special Assistant U.S. Attorney
Region II
26 Federal Plaza, Rm. 3904
New York, New York 10278
Attorneys for Defendant

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### MEMORANDUM-DECISION AND ORDER

Plaintiff pro se Robin F. brings this action pursuant to 42 U.S.C.§ 405(g) seeking

review of a decision by the Commissioner of Social Security ("Commissioner"). Dkt. No. 1

("Compl."). Presently pending before the Court is the Commissioner's Motion to Dismiss the

complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P").

Dkt. No. 14.[1]   Plaintiff has not opposed that motion.   For the following reasons, the

---

[1] Parties consented to direct review of this matter by a Magistrate Judge pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 72.2(b), and General Order 18. Dkt. No. 4.

Commissioner's Motion to Dismiss is granted and plaintiff's complaint is dismissed.

## I. Background

Plaintiff filed an application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Dkt. No. 14-2 at 6-12. A hearing was held before an administrative law judge ("ALJ"), and, on December 21, 2011, the ALJ issued a fully favorable decision to plaintiff, finding her disabled as of September 29, 2009. Id. at 13-17. By notice dated January 18, 2012, the Social Security Administration ("SSA") advised plaintiff that she was eligible for SSI benefits. Id. at 18-23. Plaintiff was further informed that she would receive supplementary security income back payments totaling $7,456.00. Id. By Notice of Award dated January 24, 2012, the SSA informed plaintiff she was entitled to DIB beginning March 2010. Id. at 24. The Notice further advised plaintiff that SSA was holding her past-due benefits for the period March 2010 through December 2011 as that amount may be reduced if plaintiff received SSI benefits for the same period. Id. at 25.

By notice dated March 26, 2012, the SSA advised plaintiff of a change in her disability benefits; specifically, that they could not pay her all of the Social Security benefits previously withheld from the period of March 2010 through December 2011, as she had received SSI money throughout the same period. Dkt. No. 14-2 at 31. The SSA advised plaintiff that because she had received SSI money for the same period, her Social Security benefits would be reduced by $14,196.75. Id. The notice further advised plaintiff that if she disagreed with that decision, she had the right to appeal within sixty days. Id. at 32. Plaintiff did not file an appeal within that sixty day period. Id. at 3.

At some point in 2016, plaintiff contacted the SSA regarding her past-due benefits .

Dkt No. 14-2 at 3. By letter dated December 20, 2016, the SSA informed plaintiff that she had been advised of her past-due benefits in a March 26, 2012 letter, and that she failed to timely appeal that decision. Dkt. No. 14-2 at 34. The letter further informed plaintiff that if she wished to pursue an appeal, she must complete a Statement of Good Cause explaining why she did not file a timely appeal. Id. On March 10, 2017, the SSA advised plaintiff that she did not provide good cause for missing the appeal deadline, and that plaintiff would not be given any additional appeal rights. Id. at 35. Plaintiff has not filed a request for review with the Appeals Council. Id. at 3. On August 14, 2017, plaintiff filed this action. See Compl.

## II. Discussion[2]

## A. Legal Standard

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3). When considering a motion to dismiss for lack of subject-matter jurisdiction, "the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." Nat. Res. Def. Council v. Johnson, 461 F.3d 164, 171 (2d Cir. 2006) (internal quotation marks omitted). The plaintiff, however, "has the burden of proving by a preponderance of the evidence that [subject-matter jurisdiction] exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

---

[2] Any unpublished decisions cited within this Memorandum-Decision and Order have been provided to plaintiff pro se.

**B. Analysis**

The Commissioner argues that the Court does not have jurisdiction over this matter because "there has been no 'final decision' of the Commissioner, as required by section 205(g) of the Act[.]" Dkt. No. 14-1 at 1.

The procedures which govern the judicial review of final decisions made by the Commissioner under Title II and Title XVI of the Social Security Act are set forth in 42 U.S.C.§§ 405 (g) and (h) which provide, in relevant part :

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow . . . .

> (h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.

A plaintiff seeking judicial review by a federal court of a decision regarding Social Security disability benefits must exhaust the administrative remedies provided by the Social Security Administration in order to give rise to jurisdiction. See Sims v. Apfel, 530 U.S. 103, 107 (2000). Under the Social Security regulations, a claimant obtains a decision subject to judicial review only if she completes the administrative appeals process, and receives a decision by the Appeals Council or notice that the Appeals Council was denying a request for review. See 20 C.F.R.§§ 404.981, 416.1481, 422.210(a); see also Jaquish v. Comm'r of Soc. Sec., No. 16-CV-399 (GTS), 2017 WL 3917019, at *5 (N.D.N.Y. Sept. 6, 2017) (quoting Sims, 530

U.S. at 106-07). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." Sims, 530 U.S. at 107.

"The regulations promulgated by the Social Security Administration set forth a four-step process for exhausting administrative remedies." Jaquish, 2017 WL 3917019, at *4 (citing Escalera v. Comm'r of Soc. Sec., 457 F. App'x 4, 6 (2d Cir. 2011) (summary order)). First, the claimant must file an application for benefits, and receive an initial determination from the Commissioner. See 20 C.F.R. §§ 404.902, 404.904, 404.905. If the claimant is dissatisfied with that determination, they may request reconsideration and a hearing before an ALJ. Id. § 404.907. If the ALJ renders an unfavorable decision, the claimant may file a request a review by the Appeals Council "[w]ithin 60 days after the date [the claimant] receive[s] notice of the hearing decision or dismissal." 20 C.F.R. § 404.968(a)(1). "The ALJ's decision does not become 'final' until 'after the Appeals Council has denied review or decided the case after review.'" Echols v. Berryhill, No. 17-CV-414, 2018 WL 1835930, at *2, ( W.D.N.Y. April 3, 2018) (quoting Johnson v. Comm'r of Soc. Sec., No. 1:17-CV-00414, 2017 WL 4857562, at *2 (D. Vt. Oct. 25, 2017)).

If the claimant's request for review is untimely, "[t]he Appeals Council may dismiss [the request], . . . and such a dismissal is not reviewable by the district court because it is not a 'final decision' within the meaning of § 405(g)." Dietsch v. Schweiker, 700 F.2d, 865, 867 (2d Cir. 1983). "The Appeals Council may also extend the filing time on a showing of good cause, 20 C.F.R. § 404.968(b), but a refusal to do so is not subject to judicial review under § 405(g)." Jones v. Astrue, 526 F. Supp.2d 455, 459 (S.D.N.Y. 2007) (citing Dietsch, 700 F.2d at 867).

Here, the record is clear that plaintiff failed to request an appeal of the SSA's March 2012 determination until December 2016 – well past sixty days of receiving notice of the

reduction in benefits. The SSA issued a Notice of Change in Benefits dated March 26, 2012 advising plaintiff that her Title II benefits would be reduced by $14,196.75. Dkt. No. 14-2 at 31-33. The Notice further advised plaintiff that she had sixty days in which to request an appeal. Id. at 32.

On December 20, 2016, the SSA sent plaintiff a letter in response to her inquiry regarding her past benefits. Dkt. No. 14-2 at 34. The letter advised plaintiff that, as she had previously been advised in the March 26, 2012 Notice, her past due benefits had been reduced. Id. The letter also noted that the March 26, 2012 Notice had included "appeal language," and that she was currently "not inside of [her] appeal period." Id. The SSA advised that plaintiff complete a statement of Good Cause providing an explanation why she did not inquire about her back pay in March 2012. Id. On December 21, 2016, plaintiff requested an appeal as to the reduction in benefits. Id. at 35.

In a letter dated March 10, 2017, the SSA informed plaintiff that, based on the facts provided by plaintiff, they were unable to extend the time limit, and, therefore, could not review her claim for benefits. Id. On August 14, 2017, plaintiff commenced this action. See Compl.

Thus, as it is clear that plaintiff failed to obtain a "final decision" within the meaning of §405(g), "it is not reviewable by the district court[,] and plaintiff's complaint must be dismissed for lack of subject-matter jurisdiction. Echols, 2018 WL 1835930, at *4 (quoting Dietsch, 700 F.2d at 867). However, in the absence of a "final decision," the Court may maintain subject-matter jurisdiction where there is a "colorable constitutional claim." Id. (citing Califano v. Sanders, 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is

essential to the decision of such questions.")).  The undersigned finds that plaintiff has failed to demonstrate a colorable constitutional claim in this action that would allow the Court to retain subject-matter jurisdiction. See Johnson, 2017 WL 4857562, at *3.  Moreover, it is clear that the SSA decided not to grant plaintiff additional time to complete the administrative appeals process.  See Dkt. No. 14-2 at 35.  As such, the Appeals Council's denial to extend plaintiff's time to file an appeal is not subject to judicial review.  See Dietsch, 700 F.2d at 867.

## III. Conclusion

**WHEREFORE**, for the reasons stated above, it is hereby:

**ORDERED**, that the Commissioner's Motion to Dismiss pursuant to Rule 12(b)(6) is **GRANTED**, and plaintiff's complaint is dismissed; and it is further

**ORDERED**, that the Clerk of the Court serve copies of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: October 3, 2018
Albany, New York

Christian F. Hummel
U.S. Magistrate Judge